UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80880-CIV-ROSENBAUM/SELTZER

HENRY A. KUEHNE, II,

       Plaintiff,

v.

FSM CAPITAL MANAGEMENT, LLC, and
THOMAS J. BERTSCH,

       Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint [D.E. 13]. The Court has reviewed the Motion and the supporting and opposing filings and is otherwise fully advised in the premises. For the reasons set forth below, the Court denies Defendants' motion.

### I. BACKGROUND[1]

In 2004, Plaintiff, a professional golfer, originally engaged Defendant Thomas J. Bertsch and the company Bertsch worked for, McCormack Advisors International ("MAI"), to manage Plaintiff's increasingly complex finances. D.E. 1, ¶¶ 11-12. Prior to being hired, Bertsch represented to Plaintiff that he possessed the expertise needed to manage Plaintiff's finances, including the accounting expertise necessary to prepare and execute Plaintiff's local, state, and federal tax returns. *Id.* ¶¶ 15, 54.

---

[1] These facts, as presented in Plaintiff's Complaint, are taken as true for the purposes of this motion.

In June 2007, Bertsch left MAI to form FSM Capital Management, LLC ("FSM"). *Id.* ¶ 16. Plaintiff left MAI and took his business to Bertsch at FSM, where Plaintiff entered into a "Management Agreement" with FSM. *Id.* ¶¶ 17-18. Under the agreement, FSM was to handle the preparation and execution of all of Plaintiff's local, state, and federal tax returns. *Id.* Plaintiff made the decision to follow Bertsch to FSM based on Bertsch's representation concerning his financial expertise. *Id.* ¶ 18.

After the parties' relationship ended in 2011, Plaintiff learned that he had incurred over $500,000 of income-tax liabilities and penalties for tax years 2006 and 2007. *Id.* ¶ 26. Further, Plaintiff learned that Bertsch had made an offer in compromise to the Internal Revenue Service ("IRS") to settle Plaintiff's tax debt for $90,000. *Id.* ¶ 27. This offer was rejected by the IRS, which countered with a settlement offer of $342,715. *Id.* ¶ 28. According to Plaintiff, Bertsch did not respond to the IRS offer, and the offer expired. *Id.* ¶ 29.

Additionally, Plaintiff learned in March 2012 that the State of California asserts that Plaintiff did not pay state income tax for 2006. *Id.* ¶ 32. Plaintiff complains that this liability arises from Defendants' improper attribution of gambling income to Plaintiff on Plaintiff's California return. *Id.* ¶ 33. Plaintiff also accuses Defendants of failing to resolve the situation with California officials after learning about it. *Id.* ¶ 34.

During the course of their relationship, Bertsch never communicated any of these problems or concerns about Plaintiff's tax returns to Plaintiff and refused to give Plaintiff a direct answer about the situation. *Id.* ¶¶ 25, 30-31. Plaintiff claims that he did not begin to learn the full extent of the tax problems until he hired a new accountant in 2011. *Id.* ¶ 31.

On August 17, 2012, Plaintiff filed his Complaint against Defendants. In the Complaint, Plaintiff alleges that FSM breached its Management Agreement (Count I); that Bertsch and FSM

breached their fiduciary duties to Plaintiff (Count II); that Bertsch committed fraud (Count III); that Bertsch and FSM made fraudulent misrepresentations to Plaintiff (Count IV); that Bertsch and FSM were negligent in managing Plaintiff's tax accounts (Count V); and that Bertsch and FSM were grossly negligent in managing Plaintiff's tax accounts (Count VI). Defendants have filed a motion to dismiss all of Plaintiff's Complaint on the basis of improper venue and, alternatively, to dismiss various counts based on Rule 9(b), Fed. R. Civ. P., or Florida's economic-loss rule. D.E. 13.

## II. LEGAL STANDARDS

### A. Venue

A defendant may move under Rule 12(b)(3), Fed. R. Civ. P., to dismiss a complaint brought in an improper venue. When a defendant raises an objection to venue, the plaintiff bears the burden of demonstrating the chosen venue is proper. *See Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009) (citations omitted). In evaluating venue, the court may examine facts outside of the complaint. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citations omitted). The court must accept all allegations of the complaint as true, unless contradicted by a defendant's affidavits, and must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*

To establish that venue is appropriate, a plaintiff can show, among other things, that "a substantial part of the events or omissions giving rise to the claim occurred" in the judicial district in which the claim is brought. 28 U.S.C. § 1391(b)(2). Only those events that "directly give rise to a claim are relevant," though, and "only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In this Circuit, the venue analysis focuses on those relevant activities of the defendant—not the plaintiff—that "have a close nexus to the wrong." *Id.* at 1371-72.

If a complaint sets forth multiple claims, a plaintiff has the burden of establishing that venue

3

is proper for each of those claims. *Vivant Pharm., LLC v. Clinical Formula, LLC*, No. 10-21537, 2011 WL 1303218, at *2 (S.D. Fla. Mar. 31, 2011) (citing *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996)). If venue is appropriate for one claim, however, and the other claims grow out of the same nucleus of operative facts, a court may consider those other claims under the basis of pendent venue. *Id.* (citing *Rodriguez v. Chandler*, 641 F. Supp. 1292, 1302 (S.D.N.Y. 1986)); *see also* 14D Charles Alan Wright et al., Federal Practice and Procedure § 3808 (3d ed. 2013).

**B. Rule 9 Pleading Standards**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, Rule 9(b), Fed. R. Civ. P., provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of this particularity requirement is to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted).

Rule 9(b) may be satisfied if a plaintiff sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as a consequence of the fraud."

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). These

4

factors are not exclusive, however, and a plaintiff may satisfy Rule 9(b)'s particularity requirements through alternative means. *Id.*; *see Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988) ("Allegations of date, time or place satisfy the Rule 9(b) requirement . . . but alternative means are also available to satisfy the rule.").

Rule 9(b)'s particularity requirements must be read in conjunction with Rule 8 "so as not to abrogate the concept of the notice pleading." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1344 (S.D. Fla. 2010) (quoting *Durham*, 847 F.2d at 1511). Fair notice is the most basic consideration underlying Rule 9(b); a complaint must reasonably notify defendants of their purported role in the scheme. *Brooks*, 116 F.3d at 1381 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994)).

### III. ANALYSIS

#### A. Venue Is Proper

Plaintiff advances two arguments for why venue is proper in the Southern District of Florida. First, Plaintiff alleges that Defendants had a duty to communicate information to Plaintiff and that the failure of Defendants to communicate this information Plaintiff "resulted in the IRS imposing tax levies and filing liens on Plaintiff's primary residence in the Southern District of Florida." D.E. 15 at 4. The Court is unpersuaded, however, that this argument establishes venue. As noted previously, the venue analysis must focus on the actions or omissions of Defendants. *See Jenkins Brick*, 321 F.3d at 1371. *Defendants'* omission—Defendants' alleged breach of their duty to communicate—took place in Ohio and not in Florida.

But Plaintiff's second argument is more availing. Plaintiff asserts that "most of the Defendants' fraudulent representations that served to induce Plaintiff to execute the management agreement were made to Plaintiff in Palm Beach County, Florida." D.E. 15 at 4. Unlike Defendants'

5

failure to communicate, these actual fraudulent representations—taken as true for the purposes of this analysis—took place within this district. Such representations directly give rise to, and are a substantial part of, Plaintiff's fraud and fraudulent-misrepresentation claims. Accordingly, venue is proper in this district for these claims.[2]

Although Plaintiff has not set forth a basis for establishing venue on his breach of contract, breach of fiduciary duty, negligence, and gross negligence claims (Counts I, II, V, and VI, respectively), the Court finds that pendent venue is appropriately applied here. Each of Plaintiff's claims grows out of his relationship with Defendants as his financial managers and Defendants' actions that allegedly breached contractual and extra-contractual duties owed to Plaintiff. Accordingly, all of Plaintiff's claims arise from the same nucleus of operative facts, so pendent venue is appropriate here for the non-fraud-based counts as well. Thus, Defendants' Motion to Dismiss the Complaint on the basis of improper venue is denied.

**B.  Rule 9(b) Is Satisfied**

Rule 9(b), Fed. R. Civ. P., provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Defendants, relying on the four elements listed in *Brooks*, attack Count III, the fraud count, as not being sufficiently pled because "there is nothing in the Complaint which bears on the time and place of these statements or what Mr. Bertsch obtained in connection with the purported fraudulent statements." D.E. 13 at 8. The Court disagrees.

---

[2] In their reply brief, Defendants appear to suggest that if the allegations in Plaintiff's fraud and fraudulent-misrepresentation counts fail to satisfy the Rule 9 particularity standards, those allegations cannot serve as the basis for establishing venue. *See* D.E. 16 at 3. However, Defendants cite no authority for combining the distinct venue and pleading-specificity inquiries in this manner, and, regardless, the Court finds that the fraud allegations have been pled with sufficient particularity.

Count III of Plaintiff's Complaint, which is targeted at only Bertsch, alleges that Bertsch made false representations in connection with soliciting Kuehne's business and in connection with Defendants' performance under the Management Agreement with FSM. D.E. 1, ¶ 54. Specifically, Plaintiff alleges that Bertsch represented that he is "a qualified accountant with the expertise to prepare and execute all of Kuehne's local, state and federal tax returns." *Id.* Furthermore, the factual background of the Complaint, which is incorporated into Count III by reference, makes it clear that Bertsch was hired and retained as Plaintiff's financial advisor based, in part, on these representations concerning Bertsch's accounting qualification. *Id.* ¶ 15, 18.

Contrary to Defendants' suggestion, Plaintiff need not articulate verbatim the particular fraudulent statements made or the time and place of making them. *See Durham*, 847 F.2d at 1512 (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (finding precise words unnecessary when the complaint sufficiently sets forth the nature of the alleged misrepresentation)). Here the Complaint sufficiently pleads that Bertsch allegedly misrepresented his accounting expertise while soliciting Plaintiff's business and during the course of their relationship. This is sufficient to put Defendant on notice of the allegations against him and thus satisfies the requirements of Rule 9(b). Accordingly, Defendants' Motion to Dismiss as it relates to Count III is denied.

**C. The Economic Loss Rule No Longer Applies**

Recently, the Supreme Court of Florida strictly confined application of the "economic loss rule" to cases involving products liability. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, No. SC10-1022, 2013 WL 828003, at *7-*8 (Fla. Mar. 7, 2013). The remainder of Defendants' Motion seeks to dismiss Counts II, IV, and V of Plaintiff's Complaint based on the economic-loss rule. *See* D.E. 13 at 8-12. Because this is not a products-liability case, however, the economic-loss

rule can no longer serve as a basis under Florida law for dismissing Plaintiff's claims. Accordingly, Defendants' Motion to Dismiss as it relates to Counts II, IV, and V is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint [D.E. 13] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 29th day of April 2013.

*/s/ Robin S. Rosenbaum*
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record